**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| LAZARO VALDES, | ) | **CASE NO: 4:16-cv-1764** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT FOR DAMAGES** |
| v. | ) | |
| | ) | **PLAINTIFF DEMANDS A TRIAL** |
| | ) | **BY JURY** |
| DAVIDSON SURFACE/AIR INC | ) | |
| HALA BAHSOUN d/b/a | ) | |
| JR TRANSPORT, YOUSSEFF RICH, | ) | |
| JAMES HART and DOES 1 to 20, | ) | |
| | ) | |
| Inclusive. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff, LAZARO VALDES, in the above-styled action, by and through his attorneys, The Dunnion Law Firm A.P.C, by Glenda de Guzman, Esq., brings this Complaint for Damages against Defendants herein, states and respectfully alleges as follows:

### JURISDICTION AND VENUE

1.  The Court has jurisdiction over this matter under 28 U.S.C. §1391(b)(2) as the event giving rise to Plaintiff's claim arose in Phelps County, Missouri.

### THE PARTIES

2.  LAZARO VALDES (Hereinafter "Plaintiff") is and at all times stated herein was and remains an individual residing in Oakland, California, and is a citizen of the State of California.

3.  Upon information and belief, Defendant DAVIDSON SURFACE/AIR INC. (Hereinafter "Defendant DAVIDSON") is and at all times stated herein was a corporation incorporated in the State of Missouri with its principal place of business in St. Louis, Missouri, and is a citizen of the State of Missouri.

///

4.   Upon information and belief, Defendant JAMES HART (Hereinafter "Defendant HART") is and at all times stated herein was an individual residing in St. Louis, Missouri, and is a citizen of the State of Missouri. Upon information and belief, and at all times material hereto, Defendant HART, was an employee and/or agent of Defendant DAVIDSON and acting within the scope of his duties and employment with Defendant DAVIDSON.

5.   Upon information and belief, Defendant HALA BAHSOUN is and at all times stated herein was a resident of the State of California and the owner and operator of JR Transport (Hereinafter "Defendant JR TRANSPORT"), with his residence and its principle place of business in Gilroy, California, and is a citizen of the State of California.

6.   Upon information and belief, Defendant YOUSSEF RICH (Hereinafter "Defendant RICH") is and at all times stated herein was an individual residing in Gilroy, California, and is a citizen of the State of California. Upon information and belief, and at all times material hereto, Defendant RICH, was an employee and/or agent of Defendant JR TRANSPORT and acting within the scope of his duties and employment with Defendant JR TRANSPORT.

7.   The true names and capacities of Defendants DOES 1 to 20 (Hereinafter "Defendants DOES") are unknown to the Plaintiff, who therefore sues said Defendants DOES by such fictitious names. Plaintiff will amend this Complaint to show said Defendants DOES true names and service addresses when the same have been ascertained. Plaintiff identifies Defendants DOES as either joint tortfeasors or possible additional parties. Plaintiff alleges on information and belief that Defendants DOES are in some manner responsible for the acts and omissions alleged herein.

8.   To the extent that any Defendant herein is a corporation alleged to exist, and is not otherwise alleged herein, it is alleged that any such corporation so named and/or discovered is totally or partially responsible for the actions and activities set forth in this Complaint and is partially or fully liable to this complaining Plaintiff, for the

damages and losses set forth in this Complaint.  It is further alleged on information and belief that any corporate entity was and is a sham and a shell, is undercapitalized, under or uninsured, has not adhered to corporate formalities and is the alter ego of other persons or entities and as such, this complaining party should be allowed to set aside the corporate entity, sham, shell or veil and proceed with this action against any and all underlying entities and persons, including corporate shareholders, directors, officers and employees for the losses alleged to have been sustained herein.  Failure to permit this complaining party to proceed against the underlying entities and/or persons would create an injustice and would permit the underlying parties to hide behind the corporate shell or veil, all to Plaintiff's damages as set forth herein.  Leave of Court will be requested to amend this Complaint to name such underlying persons and/or entities when ascertained so as to hold them liable for the losses and damages complained of herein.

## GENERAL ALLEGATIONS

9.  Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

10.  At all times relevant herein, Plaintiff was operating a tractor-trailer, a 2014 Freightliner Corp. Cascadia, VIN 3AKJGLD5XESFX7440, bearing license plate #R039851, issued from the State of California, displaying USDOT# 2502135 in a reasonable and prudent manner and with due caution and due regard for the motor vehicle laws of the State of Missouri and the motor vehicle laws under the Federal Motor Safety Regulations, codified at Title 49 of the Code of Federal Regulations.

11.  At all times relevant herein, Plaintiff conducted himself in a safe and lawful manner, and did not in any way cause or contribute to the collision which caused him to sustain serious and permanent bodily injury.

12.  At all times relevant herein, Defendant JR TRANSPORT was an interstate Commercial Motor Carrier, registered with the Federal Motor Carrier Safety Administration (USDOT# 2207082, MC# 765802), and was subject to and governed by the Federal Motor Carrier Safety Regulations, codified at Title 49 of the Code of

Federal Regulations as well as the vehicle laws, rules and regulations of the State of Missouri.

13.     At all times relevant herein, Defendant RICH was a driver of a commercial motor vehicle engaged in interstate transport of hazardous materials for hire and was subject to and governed by the Federal Motor Carrier Safety Regulations, codified at Title 49 of the Code of Federal Regulations as well as the vehicle laws, rules and regulations of the State of Missouri.

14.     At all times relevant herein, Defendant RICH was an agent and/or employed as acting as driver for Defendant JR TRANSPORT within the course and scope of his agency and/or employment with Defendant JR TRANSPORT.

15.     At all times relevant herein, the acts described in this Complaint of Defendant RICH were committed while he was acting as an agent and/or employee of Defendant JR TRANSPORT while furthering the business interests of Defendant JR TRANSPORT. As the principal for Defendant RICH, Defendant JR TRANSPORT is responsible for all of the acts committed while acting withing the scope of his agency and/or employment.

16.     At all times relevant herein, Defendants RICH and JR TRANSPORT were transporting materials interstate and required to operate the tractor-trailer identified herein in conformance and full compliance with the Federal Motor Carrier Safety Regulations set forth in Title 49, Code of Regulations as well as the laws, rules and regulations of the State of Missouri.

17.     At all times relevant herein, Defendant DAVIDSON was an interstate Commercial Motor Carrier, registered with the Federal Motor Carrier Safety Administration (USDOT# 375704, MC#261606), and was subject to and governed by the Federal Motor Carrier Safety Regulations, codified at Title 49 of the Code of Federal Regulations as well as the laws, rules and regulations of the State of Missouri, including the laws regulating transportation of hazardous materials of each.

18.     At all times relevant herein, Defendant DAVIDSON was engaged in the business of

transporting hazardous materials for hire, and had a heightened duty of care to protect the public, including Plaintiff and other drivers on public roadways, when transporting said hazardous materials on public roadways.

19. At all times relevant herein, Defendant HART was a driver of DAVIDSON's commercial motor vehicle; engaged in interstate transport of hazardous materials for hire; had a heightened duty of care to protect the public, including Plaintiff and other drivers on public roadways, when transporting said hazardous materials on public roadways; and was subject to and governed by the Federal Motor Carrier Safety Regulations, codified at Title 49 of the Code of Federal Regulations as well as the vehicle laws, rules and regulations of the State of Missouri, including the laws regulating transportation of hazardous materials of each.

20. At all times relevant herein, Defendant HART was an agent and/or employed acting as a driver for Defendant DAVIDSON within the course and scope of his agency and/or employment with Defendant DAVIDSON.

21. At all times relevant herein, the acts described in this Complaint of Defendant HART were committed while he was acting as an agent and/or employee of Defendant DAVIDSON while furthering the business interests of Defendant DAVIDSON. As the principal for Defendant HART, Defendant DAVIDSON is responsible for all of the acts committed while acting withing the scope of his agency and/or employment.

22. At all times relevant herein, Defendants HART and DAVIDSON were transporting hazardous materials interstate and required to operate the tractor-trailer identified herein in conformance and full compliance with the Federal Motor Carrier Safety Regulations set forth in Title 49, Code of Regulations as well as the laws, rules and regulations of the State of Missouri, including the laws regulating transportation of hazardous materials of each.

23. On February 28, 2015, Defendant RICH was operating a 2009 Eagle International, Inc. tractor-trailer owned by Defendant JR TRANSPORT, VIN 2H5CUAPR89C082298, bearing license plate #WP19886, issued from the State of California, displaying

USDOT# 2207082, in a dangerous and reckless manner westbound on Interstate 44, an open and public roadway within Phelps County, Missouri.

24.     On February 28, 2015, Defendant HART was operating a 2005 Eagle International, Inc. tractor-trailer owned by Defendant DAVIDSON, VIN 2HSCNAPR55C151366, bearing license plate #58AP3E, issued from the State of MISSOURI, displaying USDOT# 375704, in a dangerous and reckless manner having unlawfully, dangerously, wantonly and recklessly stopped his commercial vehicle with hazardous materials cargo, placing it unsafely in the #2 westbound lane on Interstate 44, an open and public roadway within Phelps County, Missouri.

25.     On February 28, 2015, Defendant RICH, as a direct result of traveling at a reckless and excessive speed, in violation of the law, and driving inappropriately for the road conditions (in a snow storm), lost control of his tractor-trailer and violently rear-ended Defendant HART's tractor-trailer, which was carrying hazardous materials, and which had been  unlawfully, dangerously, wantonly and recklessly stopped with hazardous materials cargo, and placed unsafely on the #2 westbound lane of Interstate 44.

26.     On February 28, 2015, Defendant HART, had unlawfully stopped and placed his commercial vehicle with hazardous materials cargo in the #2 lane in close proximity to a curve in the highway posing an increased risk to public safety, when he was impacted and pushed by Defendant RICH into another tractor-trailer, which was pushed by Defendant HART into Plaintiff's tractor-trailer. The collision caused a major hazardous materials spill, including contamination to Plaintiff. Plaintiff was also severely and permanently injured by this collision.

27.     At all times relevant herein, Defendant HART, as a direct result of recklessly stopping and placing his tractor-trailer in the #2 westbound lane of Interstate 44,  increased the risk of collision with his vehicle containing hazardous materials, at a place inappropriate for the road conditions. Defendant HART knew or should have known that stopping and placing his tractor-trailer near and in close proximity to a curve in the roadway posed a substantial risk of collision, endangering other drivers and

property. Defendant HART admitted to responding officer that he had originally pulled off the highway with full knowledge of the road conditions and then pulled back onto the roadway, stopping and placing his truck on the highway. Defendant HART caused and/or contributed to Plaintiff's personal injuries, damages and harm as alleged in this Complaint. As a result Defendants RICH's and HART's wanton and reckless actions, Plaintiff suffered personal injuries, damages and harm as alleged in this Complaint.

28.   At all times relevant herein, Plaintiff was lawfully stopped on Interstate 44, when his tractor-trailer was violently rear-ended by Defendant HART thereby pushing him into the flatbed truck, obliterating Plaintiff's tractor-trailer and causing him severe and life-altering personal injuries, including *Cuada Equina*, damages and harm as alleged in this Complaint. The injury required emergency back surgery including lumbar laminectomy, decompression with bilateral foraminotomies, diskectomy, and removal of multiple large fragments of disk herniation. Plaintiff remains largely immobile with lower limb weakness and with permanent deficits such as drop foot, loss of bowel control, loss of bladder control, and the inability to have sexual relations. Plaintiff suffered and continues to suffer from excruciating back pain and sensory deficits (loss of reflexes and sensation) as a result of this injury.

**<u>COUNT I</u>**
**NEGLIGENCE AGAINST DEFENDANT RICH**

29.   Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

30.   At all times relevant herein, Defendant RICH had a duty to operate his tractor-trailer reasonably and with the highest degree of due care.

31.    At all times relevant herein, Defendant RICH breached his duties owed to Plaintiff by failing to operate his tractor-trailer with the required due care as follows:

1.     Failing to obey the laws and rules of the State of Missouri;

2.     Failing to obey the laws and rules of the Federal Motor Carrier Safety Regulations contained and set forth in Title 49, Code of Regulations;

3.     Failing to maintain proper speed for the conditions;

4.      Driving at an excessive speed for the conditions;

5.      Failing to stop his truck so as to avoid a collision;

6.      Failing to sound a warning;

7.      Failing to reduce the speed of his truck to avoid a collision;

8.      Failing to control the vehicle in order to avoid a collision;

9.      Failing to maintain a proper lookout;

10.     Operating the tractor-trailer without the necessary training and experience so as to be a danger to others and increasing the risk of a collision such as the one alleged of in this Complaint;

11.     Operating the tractor-trailer without the necessary training and experience so as not to be a danger to others; and

12.     Operating the tractor-trailer when it was likely to cause a collision.

32.     Defendant RICH's negligence in the operation of his tractor-trailer caused and contributed to the collision that is the subject of this action.

33.     At all times relevant herein, as a result of Defendant RICH's negligence, which was a substantial factor in causing Plaintiff, without any contributory negligence, to suffer the injuries, damages and harm as alleged in this Complaint.

## COUNT II
## NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT JR TRANSPORT

34.     Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

35.     At all times relevant herein, Defendant JR TRANSPORT, as the owner of the truck driven by Defendant RICH, had the right to permit and the power to prohibit the use of said vehicle by Defendant RICH.

36.     At all times relevant herein, Defendant JR TRANSPORT knew, or had reason to know that Defendant RICH because of inexperience, lack of appropriate and sufficient education, lack of appropriate and sufficient education training, prior actions and improper and/or insufficient supervision which was a substantial factor in causing Plaintiff, without any contributory negligence, to suffer the injuries, damages and harm

as alleged in this Complaint.

**COUNT III**

**NEGLIGENT HIRING AND RETENTION AGAINST DEFENDANT JR TRANSPORT**

37.   Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

38.   At all times relevant herein, Defendant JR TRANSPORT had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee. Defendant JR TRANSPORT owed such duty to Plaintiff, and such duty was breached.

39.   At all times relevant herein, Defendant JR TRANSPORT knew, or should have known, that Defendant RICH would be likely to operate its tractor-trailer in a negligent and reckless manner.

40.   At all times relevant herein, Defendant JR TRANSPORT knew, or should have known, that Defendant RICH was not competent or fit for the duties required of him as an employee. Defendant JR TRANSPORT breached its duty to use reasonable care to select and retain and employee that was competent and fit for the position.

41.   As a result of Defendant JR TRANSPORT's negligence in hiring and retaining Defendant RICH, which was a substantial factor in causing Plaintiff, without any contributory negligence, to suffer the injuries, damages and harm as alleged in this Complaint.

**COUNT IV**

**NEGLIGENT TRAINING AND SUPERVISION AGAINST DEFENDANT JR TRANSPORT**

42.   Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

43.   Defendant JR TRANSPORT had a duty to provide reasonable training and supervision of Defendant RICH. Defendant JR TRANSPORT owed such duty to Plaintiff, and such duty was breached.

44.   At all times relevant herein, Defendant JR TRANSPORT knew, or had reason to know, that Defendant RICH was a danger to society because of lack of appropriate and sufficient training and improper and/or insufficient supervision, which was a

substantial factor in causing Plaintiff, without any contributory negligence, to suffer the injuries, damages and harm as alleged in this Complaint.

45.   At all times relevant herein, Defendant JR TRANSPORT failed to implement adequate safety standards and policies to maintain compliance with laws and regulations regarding the operation of a motor vehicle carrier, which was a substantial factor in causing Plaintiff, without any contributory negligence, to suffer the injuries, damages and harm as alleged in this Complaint.

**COUNT V**
**NEGLIGENCE AGAINST DEFENDANT HART**

46.   Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

47.   At all times relevant herein, Defendant HART had a duty to operate his tractor-trailer reasonably and with the highest degree of due care.

48.   At all times relevant herein, Defendant HART breached his duties owed to Plaintiff by failing to operate his tractor-trailer with the required due care as follows:

1.   Failing to obey the laws and rules of the State of Missouri;

2.   Failing to obey the laws and rules of the Federal Motor Carrier Safety Regulations contained and set forth in Title 49, Code of Regulations;

3.   Failing to maintain a proper distance between vehicles;

4.   Failing to maintain a proper lookout;

5.   Failing to have and implement a proper and adequate route plan for the conditions;

6.   Failing to park his truck containing hazardous materials off the roadway out of the zone of danger when he had the opportunity;

7.   Operating the tractor-trailer when it was likely to cause and/or contribute to an collision;

8.   Pulling back on the highway with full knowledge of the roadway conditions and risk of collision;

9.   Parking the tractor-trailer where there was a substantial risk of collision in

close proximity to a downgrade and curve; and

10. Operating the tractor-trailer without the necessary training and experience so as to be a danger to others and increasing the risk of a collision such as the one alleged of in this Complaint.

49. Defendant HART's negligence in the operation of his tractor-trailer caused and contributed to the collision that is the subject of this action.

50. At all times relevant herein, as a result of Defendant HART's negligence which was a substantial factor in causing Plaintiff, without any contributory negligence, to suffer the injuries, damages and harm as alleged in this Complaint.

**COUNT VI**
**NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT DAVIDSON**

51. Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

52. At all times relevant herein, the injuries, harm and damages incurred by Plaintiff as a result of the use of the tractor-trailer by Defendant HART in a negligent and reckless manner.

53. At all times relevant herein, Defendant DAVIDSON, as the owner of the truck driven by Defendant HART, had the right to permit and the power to prohibit the use of said vehicle by Defendant HART.

54. At all times relevant herein, Defendant DAVIDSON knew, or had reason to know, that Defendant HART was a danger to society because of inexperience, lack of appropriate and sufficient education, lack of appropriate and sufficient education training, prior actions and improper and/or insufficient supervision which was a substantial factor in causing Plaintiff, without any contributory negligence, to suffer the injuries, damages and harm as alleged in this Complaint.

**COUNT VII**
**NEGLIGENT HIRING AND RETENTION AGAINST DEFENDANT DAVIDSON**

55. Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

56. At all times relevant herein, Defendant DAVIDSON had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an

employee. Defendant DAVIDSON owed such duty to Plaintiff, and such duty was breached.

57.     At all times relevant herein, Defendant DAVIDSON knew, or should have known, that Defendant HART would be likely to operate its tractor-trailer in a negligent and reckless manner.

58.     At all times relevant herein, Defendant DAVIDSON knew, or should have known, that Defendant HART was not competent or fit for the duties required of him as an employee. Defendant DAVIDSON breached its duty to use reasonable care to select and retain and employee that was competent and fit for the position.

59.     As a result of Defendant DAVIDSON's negligence in hiring and retaining Defendant HART which was a substantial factor in causing Plaintiff, without any contributory negligence, to suffer the injuries, damages and harm as alleged in this Complaint.

**COUNT VIII**
**NEGLIGENT TRAINING AND SUPERVISION AGAINST DEFENDANT DAVIDSON**

60.     Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

61.     Defendant DAVIDSON had a duty to provide reasonable training and supervision of Defendant HART. Defendant DAVIDSON owed such duty to Plaintiff, and such duty was breached.

62.     At all times relevant herein, Defendant DAVIDSON knew, or had reason to know, that Defendant HART was a danger to society because of lack of appropriate and sufficient training and improper and/or insufficient supervision, which was a substantial factor in causing Plaintiff, without any contributory negligence, to suffer the injuries, damages and harm as alleged in this Complaint.

63.     At all times relevant herein, Defendant DAVIDSON failed to implement an adequate route plan, safety standards and policies to maintain compliance with laws and regulations regarding the operation of a motor vehicle carrier and one carrying hazardous materials, which was a substantial factor in causing Plaintiff, without any contributory negligence, to suffer the injuries, damages and harm as alleged in this

Complaint.

## COUNT VIII
## NEGLIGENCE PER SE AGAINST ALL DEFENDANTS

64. Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

65. At all times relevant herein, Defendants, and each of them, were subject to laws and safety regulations pertaining to motor carriers, and that such laws and regulations were intended to preserve the life and prevent bodily injury to persons traveling on the U.S. public roadways.

66. At all times relevant herein, Plaintiff was a member of the class (persons traveling on public U.S. roadways) for whose benefit those laws and safety regulations were passed.

67. At all times relevant herein, Plaintiff suffered the same type of harm that the laws and regulations were intended to prevent, caused Plaintiff, without any contributory negligence, to suffer the injuries, damages and harm as alleged in this Complaint.

68. At all times relevant herein, Defendants violated one or more laws and regulations and breached their duties of care that were owed to Plaintiff, and which was a substantial factor in causing Plaintiff's, without any contributory negligence, injuries, damages and harm as alleged in this Complaint.

## COUNT IX
## LIABILITY FOR PUNITIVE DAMAGES AGAINST DEFENDANTS HART AND DAVIDSON

69. Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

70. The acts and omissions of Defendants HART and DAVISON with respect to the transportation of hazardous materials and the operation of their vehicle containing hazardous materials on the roadway, in close proximity to a downgrade and curve, and failing to implement an adequate route plan were outrageous and/or undertaken with reckless indifference to the rights and interests of Plaintiff. DAVIDSON's and HART's collective joint and several violations of state and federal laws and regulations were intentional and with clear, callous, and conscious disregard to the

safety of other motorists, including the Plaintiff herein as lawful motorists on the roadway, and the state and federal laws and regulations which were jointly and severally violated, were exactly the types enacted to protect the class of citizens who were other motorists, of which the Plaintiff herein was a part of, and the laws and regulations which were violated were enacted exactly to avoid the circumstances of tragic accidents involving hazardous materials occurring as alleged herein.

71.   Plaintiff is entitled to the maximum award of punitive damages allowed by law.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

COMPLAINT FOR DAMAGES
14

**JURY DEMAND**

72.    Plaintiff hereby respectfully demands a trial by jury in this action on all Counts so triable.

**PRAYER**

WHEREFORE, Plaintiff prays for the Court to enter Judgment on all counts of his Complaint for Damages against Defendants in such an amount as fair and reasonable as follows:

1.    For an award of general damages in an amount to be proven at trial;

2.    For an award of damages for medical and related expenses according to proof;

3.    For an award of damages for loss of earnings according to proof;

4.    For an award of other and further general and special damages in a sum according to proof at the time of trial;

5.    For an award of punitive damages in an amount to be determined by the finder of fact;

6.    For an award of interest according to law;

7.    For an award of costs of suit incurred herein; and

8.    For such other and further relief as this Court deems just and proper.

Respectfully Submitted,


THE DUNNION LAW FIRM, A.P.C.


DATE: 11/11/2016                    BY:____*/s/ GLENDA DE GUZMAN*____
                                                    Glenda de Guzman, Esq. CA #203631CA
                                                    THE DUNNION LAW FIRM, A.P.C.
                                                    2711 Garden Road
                                                    Monterey, CA 93940
                                                    (831) 373-8035 Telephone
                                                    (831) 375-4124 Facsimile
                                                    injurylaw@dunnion.com

                                                    Attorney for Plaintiff
                                                    LAZARO VALDES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VERIFICATION OF SIGNED ORIGINAL DOCUMENT

**Pursuant to Local Rule 11-2.11, Attorney for Plaintiff, THOMAS J. DUNNION, hereby attests to the existence of a paper copy of COMPLAINT FOR DAMAGES bearing the original signature of THOMAS J. DUNNION. The document was filed electronically on 11/9/2016. Counsel will retain the paper copy bearing the original signature during the pendency of the litigation including all possible appeals.**

THE DUNNION LAW FIRM, A.P.C.

DATE: 11/11/2016                    BY:____*/s/ GLENDA DE GUZMAN*____
                                    Glenda de Guzman, Esq. CA #203631CA
                                    THE DUNNION LAW FIRM, A.P.C.
                                    2711 Garden Road
                                    Monterey, CA 93940
                                    (831) 373-8035 Telephone
                                    (831) 375-4124 Facsimile
                                    injurylaw@dunnion.com

                                    Attorney for Plaintiff
                                    LAZARO VALDES